# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| LaWanda Johnson, <br><br> Plaintiff, <br> v. <br><br> DIRECTV, Inc., <br><br> Defendant. | Civil Action No.: 8:13-cv-03279 <br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, LaWanda Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, LaWanda Johnson ("Plaintiff"), is an adult individual residing in Silver Spring, Maryland, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant, DIRECTV, Inc. ("DTV"), is a California business entity with an address of 2230 East Imperial Highway, El Segundo, California 90245, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Within the past four years, DTV placed calls to Plaintiff's cellular telephone.

6. DTV placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When Plaintiff answered the calls from DTV, she experienced a period of silence and it appeared as though no one was on the line.

8. At one time, Plaintiff returned a call to DTV and demanded that they cease all calls to her cellular telephone.

9. However, DTV continued to place numerous ATDS calls to Plaintiff's cellular telephone thereafter and despite Plaintiff's direction to cease all calls to her cellular telephone.

10. At one point Plaintiff had a business relationship with DTV, however she revoked her consent to be called by DTV using an ATDS.

11. If at one point DTV had Plaintiff's consent to place calls to her cellular telephone, it no longer had consent when Plaintiff requested the calls to cease.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, *et seq.*

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendant's telephone system has all the earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to live person.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed DTV to stop all calls to her and cease calling her cellular telephone.

18. DTV continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by DTV was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from DTV to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and
3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 5, 2013

Respectfully submitted,

By  /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF